**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KATHERINE L. BROWN, M.D.,**

**Plaintiff,**

**Case No. 6:17-cv-515-Orl-28TBS**

**vs.**

**SUNCOAST SKIN SOLUTIONS, INC.**
**and CHRISTOPHER D. EWANOWSKI,**
**M.D.,**

**Defendants.**
**_______________________________/**

**DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants, Suncoast Skin Solutions, Inc and Christopher D. Ewanowski, MD, by and through their undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, move to dismiss Plaintiff's Amended Complaint for (i) failure to state a claim concerning the federal overtime claims, as a matter of law, and therefore, (ii) lack of subject-matter jurisdiction over the remaining state claims. The Amended Complaint alleges:

1. Violations of the Fair Labor Standards Act against Suncoast Skin Solutions (Count I)
2. Breach of employment contract under state law (Count II)
3. Unjust enrichment under state law (Count III)
4. Violations of the Fair Labor Standards Act against Dr. Ewanowski, individually (Count IV)

The Amended Complaint should be dismissed for failure to state a claim for FLSA violations, as a matter of law. The FLSA does not cover all wage disputes between employees and employers. The statute only addresses minimum wage claims and claims for overtime pay. The Plaintiff, a medical doctor, is seeking neither under the FLSA. Instead, pursuant to a written Employment Agreement (attached to the Amended Complaint as Exhibit A), Plaintiff is seeking her "regular rate of pay for each hour worked (at $160/hr) as well as a percentage of her collections" (¶¶26, 27, and 28), and her "mileage" (¶ 29).

Thus, to the extent any dispute over wages of $160/hr, collections and/or mileage exists, it is subject to the written Employment Agreement. The Eleventh Circuit Court of Appeals has held that the FLSA is "not a vehicle for litigating breach of contract disputes between employers and employees." *Pioch v. IBEX Eng'g Serv.*, 825 F.3d 1264, 1271 (11th Cir. 2016).

In addition, the Amended Complaint does not assert any basis for this Court's jurisdiction over the two state claims. Assuming it is "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367 (a), once the federal claims for alleged FLSA violations are dismissed, as a matter of law, the two state claims must also be dismissed for lack of subject-matter jurisdiction.

## STATEMENT OF FACTS

For purposes of this Motion only, all "facts" in the Amended Complaint are deemed "accepted," including:

1. Plaintiff, a physician, was employed by Suncoast Skin Solutions from "approximately August 4, 2014 until approximately October 8, 2015" (¶ 4).

2. "Defendant… agreed to pay Plaintiff… wages for work performed…. Plaintiff accepted this agreement and performed work for… [Defendants]" (¶ 19).
3. The Employment Agreement attached to the Amended Complaint states that Plaintiff was to be compensated for treating patients at "$160/hr. or 50% of reimbursement for all dermatology services; whichever is greater" (Exhibit A to the Amended Complaint).
4. Plaintiff "was not paid for all hours worked and wages due based on her collections" per the terms of the employment contract (¶¶5 and 9).[1]

The blatant errors in the Amended Complaint as they relate to the alleged FLSA claims are as follows:

A. The Amended Complaint alleges that there was a violation of the FLSA, 29 U.S.C. Section 216 (b). (¶1).

   However, Section 216(b) addresses ONLY "damages" in the event any employer violates the provisions of section 206 ("minimum wages") or section 207 ("maximum hours").

B. The Amended Complaint fails to state the basis for this Court's subject-matter jurisdiction.

C. The Amended Complaint states that Plaintiff is seeking "damages of more than Fifteen Thousand Dollars ($15,000.00)" (¶ 1). This is confusing and wrong. If the basis for the Court's jurisdiction is "a federal question," then the amount in controversy

[1] Plaintiff actually received her final paycheck for wages and mileage on or about March 21, 2017. Indeed, to the extent this matter continues in state court, Defendant Suncoast Skin Solutions shall have a counterclaim against Plaintiff for the excessive compensation paid to Plaintiff, the overpayment of mileage to Plaintiff and the overpayment of Plaintiff's medical malpractice insurance, all a result of Plaintiff's breach of contract and misrepresentations to Defendant.

is irrelevant. If the basis for this Court's jurisdiction is "diversity," then the amount in controversy must be at least $75,000. *See* 28 U.S.C. Section 1332.

D. Counsel for Plaintiff merely "cut and paste" another complaint used in some other FLSA case. For example, paragraph "19" alleges that Plaintiff "performed services for which provisions were made by Schmidt's Well Drilling & Sprinkler Systems, Inc. and Christopher D. Ewanowksi, M.D. to properly pay Katherine L. Brown, M.D. for those hours worked in excess of forty (40) per work week, and to ensure Katherine L. Brown, M.D. was paid his complete wages." The words highlighted in red above show that paragraph 19 makes absolutely no sense and refers to companies that are not parties to this matter.

E. Plaintiff seeks attorneys' fees and liquidated damages. To the extent the FLSA claims are dismissed, there is no provision under the terms of the Employment Agreement for attorneys' fees and/or liquidated damages or costs.

## LEGAL ARGUMENT

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows an Amended Complaint to be dismissed for failure to state a claim upon which relief can be granted. While a Court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff, *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Instead, legal conclusions must be supported by factual allegations. *Id*. at 680-681. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1185 (11th Cir.

2003).

While in the ordinary case, a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n. 43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims").

## II. **The FLSA Claim Must Be Dismissed As A Matter of Law**

Plaintiff has thrown in the "kitchen sink" in alleging both an FLSA claim and breach of contract claim based on an actual employment agreement (Count II). The FLSA claims must be dismissed for failure to state a claim as a matter of law and the two state claims, must also be dismissed for lack of subject-matter jurisdiction.

The FLSA covers and applies to ONLY claims for minimum wage for all hours worked and overtime. 29 U.S.C. Section 201 *et seq.* It is undisputed that Plaintiff is seeking neither. Plaintiff is seeking wages (her regular rate of pay of $160 an hour (¶ 26), commissions (¶ 26) and mileage (¶ 29), pursuant to the terms of her Employment Agreement. There is no claim for minimum wages nor any claim for overtime.[2] It appears that the FLSA claims were brought in an effort to recover attorneys' fees where no such fees are recoverable under the breach of

[2] Plaintiff does not allege minimum wages or overtime pay because as a doctor she is clearly exempt from the FLSA overtime provisions as a "professional." 29 U.S.C. Section 213.

contract claim. However, the FLSA is "not a vehicle for litigating breach of contract disputes between employers and employees." *Pioch v. IBEX Eng'g Serv.,* 825 F.3d at 1271.

There can be no further amendment of the Complaint because there are no facts that can cure this defect. Quite plainly, the FLSA only applies to those employees seeking minimum wage or overtime pay. Plaintiff is seeking neither; she is seeking compensation of $160 an hour. Therefore, the FLSA does not apply. Her only remedy is the breach of contract claim (Count II).

Similarly, the FLSA claim against Dr. Ewanowski, individually, must also be dismissed with prejudice. If a business is not covered (and therefore, not liable) by the FLSA, then an individual officer of that business also cannot be liable. *Crespo v. High Rise Maint. Sers*., Case No. 12022462, 2014 U.S. Dist. LEXIS 190141 (S.D. Fla. January 17, 2014)(FLSA claims dismissed against the individual owners/officers when FLSA claims dismissed against the entity).

WHEREFORE, for the reasons set forth above, Defendants respectfully request that this Court issue an Order (1) dismissing the Amended Complaint with prejudice; (2) finding that Defendants are the prevailing party under the FLSA; (3) retaining jurisdiction to review and consider Defendants' application for attorneys' fees and costs; and (4) for such other relief this Court deems appropriate.

Respectfully submitted,

/s/ *Claire Saady*
Claire Saady, Esq.
Fla. Bar No: 102954
Email: claire@saadyandsaxe.com
SAADY & SAXE, P.A.
205 Crystal Grove Blvd.
Lutz, Florida 33548
Main: 813-909-8855

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via electronic mail this 6th day of April, 2017 to the following:

**Jason L. Harr, Esq.**
**The Harr Law Firm**
**517 South Ridgewood Avenue**
**Daytona, Beach, FL 32114**
**Email: jasonharr@harrlawfirm.com**
**Email: michelledavis@harrlawfirm.com**
**Email: nancyanderson@harrlawfirm.com**

/s/ *Claire Saady*
Claire Saady