UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHERINE L. BROWN, M.D.,

    Plaintiff,

v.                                                         Case No: 6:17-cv-515-Orl-28TBS

SUNCOAST SKIN SOLUTIONS, INC.
and CHRISTOPHER D. EWANOWSKI,
M.D.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint (Doc 12) and Plaintiff Katherine L. Brown, M.D.'s response (Doc. 13). Plaintiff, a medical doctor, sues her former employer Suncoast Skin Solutions, Inc. ("Suncoast") and Christopher D. Ewanowski, M.D., for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("the FLSA") and state law claims of breach of contract and unjust enrichment (Doc. 9). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss the amended complaint with prejudice for failure to state a claim under FLSA and for lack of subject matter jurisdiction over the remaining state law claims. The motion was referred to me for issuance of a report and recommendation. After review and consideration, I respectfully recommend that the motion be **GRANTED** in part, as set forth herein.

### Discussion

*Motion to Dismiss Standard*

A Rule 12 (b)(6) motion to dismiss tests the legal sufficiency of the complaint. In

order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In evaluating a complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

*The Allegations of the Amended Complaint*

In her amended complaint, Plaintiff alleges that, at all times material, she was a "resident of Orlando, Orange County Florida" and Suncoast was a Florida corporation (Doc. 9, ¶¶2, 7). Dr. Ewanowski ran the day to day operations of Suncoast (Id., ¶8). On or about August 5, 2014, Suncoast and Plaintiff entered into an employment contract whereby Plaintiff was employed with Defendants "as a medical doctor." (Id., ¶¶ 5-6). The employment contract is attached to the amended complaint and states that Plaintiff was to be compensated for treating patients at "$160/hr. or 50% of reimbursement for all dermatology services; whichever is greater" (Doc. 9-1). Plaintiff alleges that she "was not paid for all hours worked and wages due based on her collections." (Doc. 9, ¶9). She also complains that she was not reimbursed her mileage per the contract (Id., ¶10, Doc. 9-1). Plaintiff alleges:

> At all times material to this action, the Defendants, Suncoast

> Skin Solutions, Inc. and Christopher D. Ewanowski, M.D.,
> failed to comply with the Fair Labor Standards Act, as
> amended, 29 U.S.C. §216(b), because Plaintiff, Katherine L.
> Brown, M.D., performed services for which no provisions were
> made by Schmidt's Well Drilling & Sprinkler Systems, Inc.,
> and Christopher D. Ewanowski, M.D., to properly pay
> Katherine L. Brown, M.D. for those hours worked in excess of
> forty (40) per work week, and to ensure Katherine L. Brown,
> M.D. was paid his [sic] complete wages.

(Doc. 9, ¶19).[1] Defendants agreed to pay Plaintiff wages for work performed, and Plaintiff accepted the agreement and performed work (Id., ¶21). Nonetheless, Suncoast and Dr. Ewanowski "willfully failed to pay Plaintiff ... her regular rate of pay for each hour worked as well as a percentage of her collections" and failed to reimburse Plaintiff for her mileage (Id., ¶¶28-29, 51-52). Plaintiff sues Suncoast for violation of the FLSA (Count 1), for breach of the employment contract (Count II), and for unjust enrichment for failing to compensate her pursuant to the employment contract (Count III). She sues Dr. Ewanowski solely for violation of the FLSA (Count IV).

*Analysis*

Defendants argue that Plaintiff has failed to state a claim in that: (1) she does not allege an unpaid minimum wage or overtime claim under the FLSA; (2) the FLSA does not cover breach of contract claims; (3) Plaintiff is exempt under the FLSA, as a matter of law; and (4) there is no basis for the Court to assert jurisdiction over the remaining state law claims. Plaintiff provides no substantive response to any of these contentions (Doc. 13). Upon review, I find that Defendants are correct.

---

[1] Although Dr. Brown alleges that no provisions were made to properly pay her for hours worked in excess of forty per work week, she does not allege that, in fact, she worked over forty hours in any work week. The reference to Schmidt's Well Drilling U Sprinkler Systems, Inc., appears to be a scrivener's error which is carried over from the original complaint.

- 3 -

### A. The FLSA

The FLSA establishes a minimum wage for covered employees and requires employers to pay overtime of at least one and one-half times the regular rate to employees working more than 40 hours a week. See 29 U.S.C. §§ 206, 207(a)(1). The requirements to state a claim for violation of the FLSA are "quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees." Id.

Plaintiff fails to plead any plausible facts to support either an unpaid overtime claim or a claim for minimum wages. Rather, Plaintiff seeks "her *regular rate* of pay for each hour worked" as well as a percentage of her collections and reimbursement of mileage – all pursuant to an employment contract. This is a breach of contract claim, not an FLSA claim. "The FLSA ... is not a vehicle for litigating breach of contract disputes between employers and employees." Pioch v. IBEX Eng'g Servs., Inc., 825 F.3d 1264, 1271 (11th Cir. 2016); see also Donovan v. Agnew, 712 F.2d 1509, 1517 (1st Cir. 1983) ("We find no basis for holding that Congress intended to extend the minimum wage protections of the Act to highly salaried employees whenever their employment contracts are breached."). Accepting the well-pled allegations as true, Plaintiff has failed to plead a cognizable cause of action under the FLSA.

I further find that Plaintiff's complaint cannot be amended to state a claim under the FLSA. In her response to the motion, Plaintiff acknowledges that she "does not seek overtime" (Doc. 13 at 2), thus obviating any unpaid overtime claim. To the extent her claim is based on her assertion that she "was not paid for all hours worked," Plaintiff has plead that her regular rate, according to the contract, was $160 an hour, which well

- 4 -

exceeds minimum wage. See Pioch, 825 F. 3d at 1272 (highly paid hourly employee not the type of employee FLSA's wage requirements were designed to protect). And, Plaintiff has pled facts which conclusively establish that she is exempt from FLSA coverage. As the Eleventh Circuit has recognized:

> Congress ... removed certain employees from FLSA coverage. See generally 29 U.S.C. § 213.
>
> Whether an employee meets the criteria for an FLSA exemption, although based on the underlying facts, is ultimately a legal question. See Evans v. McClain of Ga., Inc., 131 F.3d 957, 965-66 (11th Cir. 1997). The employer bears the burden of establishing that an employee is exempt, and we construe exemptions narrowly against the employer. See id. at 965.

Pioch, 825 F.3d at 1268.

Defendants contend that because Plaintiff is a medical doctor, she is exempt from FLSA coverage as a "professional." (Doc. 12 at 5, n.2, citing 29 U.S.C. §213). I agree. The FLSA expressly exempts employees who are "employed in a bona fide ... professional capacity." See 29 U.S.C. § 213(a)(1). "The specific requirements of the professional exemption are not set forth in the statute. Rather, they are articulated in the regulations and interpretations of the Secretary." Reich v. Newspapers of New England, Inc., 44 F.3d 1060, 1070 (1st Cir. 1995). The Department of Labor has defined the term "employee employed in a bona fide professional capacity" to include "[a]ny employee who is the holder of a valid license or certificate permitting the practice of ... medicine ... and is actually engaged in the practice thereof." 29 C.F.R. 541.304(a)(1). See, generally, Okonkwo v. The Callins Law Firm, LLC, 668 F. App'x 875, 876 (11th Cir. 2016). "In the case of medicine, the exemption applies to physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties

practiced by physicians or practitioners. The term "physicians" includes medical doctors including general practitioners and specialists, osteopathic physicians (doctors of osteopathy), podiatrists, dentists (doctors of dental medicine), and optometrists (doctors of optometry or bachelors of science in optometry)." 29 C.F.R. § 541.304(b). As Plaintiff has pled that she was employed as a medical doctor for the purpose of providing dermatological services, she comes squarely within the unambiguous language of the exemption. Therefore, Plaintiff's FLSA claims must be dismissed, without leave to amend.

### B. Jurisdiction over the remaining claims

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001). Plaintiff brings claims under the FLSA, a federal statute. As those claims are not tenable as a matter of law, and no other basis for the exercise of federal question jurisdiction is apparent, I examine the Court's jurisdiction over the remaining state law claims.

Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and defendants, and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In order to achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. Id. Plaintiff has pled a cause of action between a Florida resident

plaintiff, a Florida corporate defendant, and an individual defendant of unspecified citizenship who ran the day to day operations of the Florida corporation. Although residency does not equate with citizenship, there is no reason to conclude that Plaintiff is anything other than a citizen of the state she resides in - Florida. "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction." Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)). Thus, on its face, the amended complaint negates the existence of diversity jurisdiction.

With some exceptions, in any civil action of which the district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If Plaintiff's FLSA claims were not frivolous,[2] her claims for breach of contract and unjust enrichment would be sufficiently related to the FLSA claims to invoke the Court's supplemental jurisdiction. Nonetheless, a court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). Upon dismissal of Plaintiff's federal claims (and in the absence of any other basis of original jurisdiction), I see no reason for the Court to exercise supplemental jurisdiction over the remaining state law claims.

C. Relief sought

Defendants seek dismissal of the amended complaint with prejudice, a finding that

---

[2] "The Supreme Court has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts." Crowley Cutlery Co. v. United States, 849 F.2d 273, 276 (7th Cir. 1988) (collecting cases). Dismissal of state law claims is mandatory where federal claims are frivolous, See Joyner v. Poole, No. 4:14-CV-208-BO, 2015 WL 1179492, at *3 (E.D.N.C. Mar. 13, 2015).

Defendants are the prevailing party under the FLSA, and for the Court to retain jurisdiction to consider Defendants' application for attorney's fees and costs. I do not recommend any of this relief. Although I conclude that the FLSA claims are untenable as a matter of law and should be dismissed without leave to amend, I make no similar findings as to the state law claims for breach of contract and unjust enrichment. See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (a dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice). As for the rest, Defendants offer no argument supporting their conclusion that they are prevailing parties under the FLSA, or that there is a basis for retaining jurisdiction to consider an application for attorney's fees and costs. Even if Defendants were to succeed in showing that a dismissal for failure to state a FLSA claim gives rise to a right to apply for a fee award as a prevailing party under the FLSA, the "FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998). I see nothing approaching bad faith on this record and no other legal basis for such an award is present here.[3]

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** the motion to dismiss in part as follows:

(1) Dismiss the FLSA counts (Counts I and IV), without leave to amend.

(2) Decline to exercise supplemental jurisdiction over the remaining claims under 28 U.S.C. §1367(c)(3).

---

[3] Defendants have acknowledged that "there is no provision under the terms of the Employment Agreement for attorneys' fees" (Doc. 12 at 4),

(3) Dismiss the state court claims without prejudice to their prosecution in the appropriate state court.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 26, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record